11-3071.131-RSK                                                May 2, 2013

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| SHARON GIBBS, a/k/a SHARON GANT, et al., on behalf of themselves, and all other plaintiffs known and unknown, )<br>)<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>NEW ASHLEY STEWART, INC. )<br>)<br>Defendant. ) | No. 11 C 3071 |

### MEMORANDUM OPINION

Before the court is the plaintiffs' motion to facilitate notice to potential class members. For the reasons explained below, we grant their motion in part and take it under advisement in part.

### BACKGROUND

The plaintiffs in this Fair Labor Standards Act ("FLSA") case are former "Store Managers" and/or "Assistant Mangers" at retail closing stores owned and operated by defendant New Ashley Stewart, Inc. They allege that New Ashley Stewart improperly classified these positions as "salary exempt," (see Stip. of Facts Relevant to Class Disc., Dkt. 57, ¶ 2.), and have sued to recover unpaid overtime. Furthermore, they seek to proceed as a collective action, arguing that Store Managers and Assistant Managers at the defendant's various stores are "similarly situated." See 29 U.S.C.

- 2 -

§ 216(b) (authorizing private actions against employers "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated"). As a first step toward collective-action certification, the plaintiffs seek leave to send notice of this lawsuit to other potential plaintiffs.

## **DISCUSSION**

A collective action can be an efficient and cost-effective way to adjudicate multiple claims. See Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170 (1989). But the benefits of proceeding as a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." Id. The Supreme Court has authorized district courts to supervise the notice process, recognizing the importance of early judicial involvement. See id. Exercising their "wide discretion to manage collective actions," Alvarez v. City of Chicago, 605 F.3d 445, 449 (7th Cir. 2010), courts in this district have consistently applied a two-stage process to determine whether an FLSA claim should proceed as a collective action. See, e.g., Babych v. Psychiatric Solutions, Inc., No. 09 C 8000, 2011 WL 5507374, *2 (N.D. Ill. Nov. 9, 2011). At the first stage, the named plaintiffs must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." See id.

(citations and internal quotation marks omitted); see also Jirak v. Abbott Laboratories, Inc., 566 F.Supp.2d 845, 848 (N.D. Ill. 2008) ("'[A] court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'") (quoting Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1102 (10th Cir. 2001)).[1] If the plaintiffs muster evidence sufficient to satisfy this lenient standard, the court "conditionally" certifies the collective action and authorizes notice to be sent to other potential plaintiffs. See Babych, 2011 WL 5507374, *2; see also id. at *4 (the plaintiff must come forward with evidence and cannot rely solely on the complaint's allegations). "At the second stage, the defendant may request that the court re-evaluate the conditional certification based on additional evidence acquired through discovery." Brand v. Comcast Corp., No. 12 CV 1122, 2012 WL 4482124, *3 (N.D. Ill. Sept. 26, 2012). The analysis at the second stage of the case is "more

---

[1] New Ashley Stewart cites the generally recognized standard in FLSA collective actions, (see Def.'s Resp. at 1-2), but later argues that it is contrary to the Federal Rules. (See id. at 9-12.) Rules 1 and 81 provide that the Federal Rules shall govern all civil actions except as provided in certain enumerated laws. See Fed. R. Civ. P. 1 ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."); Fed. R. Civ. P. 81 (carving out particular areas in which the Federal Rules give way to other procedures (e.g., prize proceedings and bankruptcy). Because Rule 81 does not list the FLSA, New Ashley Stewart argues that we must apply the Federal Rules pertaining to joinder and class actions. We find it difficult to square this argument with the discretion vested in district courts to manage collective actions. See Hoffmann-La Roche, 493 U.S. at 170; Alvarez, 605 F.3d at 449. In any event, New Ashley Stewart has not cited any court that has adopted its position, despite the widespread use of the two-stage procedure in this district and in other jurisdictions. Cf. Brand, 2012 WL 4482124, *3 n.3 (rejecting argument that FLSA class actions must be governed by Rule 23); Nehmelman v. Penn Nat. Gaming, Inc., 822 F.Supp.2d 745, 755-56 (N.D. Ill. 2011) (similar).

stringent." Strait v. Belcan Engineering Group, Inc., — F.Supp.2d —, 2012 WL 5988877, *2 (N.D. Ill. Nov. 29, 2012).

In this case, the plaintiffs rely primarily on the official job descriptions of the two positions at issue to support conditional certification. (See Job Descriptions, attached as Exs. A & B to Pls.' Mem.)[2] We agree with the plaintiffs that these descriptions are probative of a common policy, but we are reluctant to permit conditional certification based solely on this evidence. Even at this stage of the case, the actual experiences of employees in the defendant's far-flung stores may differ in important ways from the official descriptions.[3] See, e.g., Babych, 2011 WL 5507374, *5 (partially denying conditional certification because the plaintiff failed to come forward with evidence about the practices at facilities other than the one at which she worked). In response to the plaintiffs' motion, New Ashley Stewart supplemented the record with seven employee declarations and excerpts from the deposition testimony of five plaintiffs. According to the defendant, this evidence refutes the case for conditional certification because the employees describe varying

---

[2] The job description for Assistant Manager states that the position is not exempt from the FLSA's overtime requirements. (See Assistant Manager Job Description at 1 ("FLSA Status: Non-Exempt").) However, New Ashley Stewart previously stipulated that it treated the position as exempt, (see Stip. of Facts Relevant to Class Disc., Dkt. 57, ¶ 2), and it has not argued otherwise in response to the plaintiffs' motion.

[3] The plaintiffs have not submitted a single declaration in support of their motion, despite the fact that 17 plaintiffs had already joined the lawsuit when the motion under consideration was filed.

degrees of independence and discretion, depending upon the management style of the "District Manager" overseeing them. New Ashley Stewart overstates the differences described by these witnesses. For example, all but one of the Store Managers describes having complete authority over hiring decisions in his or her store. (See, e.g., Decl of T. Mosley, attached as Ex. A to Def.'s Resp., ¶ 4 ("I am responsible for recruiting and hiring my store's staff."); Decl. of C. Henderson, attached as Ex. B. to Def.'s Resp., ¶ 3 ("I am solely responsible for the hiring decisions."); Decl. of B. Thomas, attached as Ex. C to Def.'s Resp., ¶ 5 ("I am responsible for hiring associates."); Decl. of A. Matthews, attached as Ex. D to Def.'s Resp., ¶ 8 ("I have authority to hire associates."); Decl. of L. Brown, attached as Ex. E to Def.'s Resp., ¶ 5 ("I am responsible for hiring employees."); Decl. of K. Williams, attached as Ex. G to Def.'s Resp., ¶ 3 ("As Store Manager, I am responsible for hiring staff for my store."); Decl. of M. Rangel-Johnson, attached as Ex. H to Def.'s Resp., ¶ 4 ("As Store Manager, I am in charge of hiring for the store."); cf. Decl. of K. Collins, attached as Ex. F to Def.'s Resp., ¶ 6 ("I spend time recruiting for new employees each week. I do run potential hires by my District Manager. I can think of only one instance when my recommendations on hiring were not followed.").) Given the defendant's position that "Store Managers" are exempt from the FLSA's requirements, it is not surprising that its handpicked

- 6 -

witnesses describe having more authority over store management than the plaintiffs describe in their depositions. But here again, the differences are not are not as stark as the defendant suggests. Four of the five plaintiffs testified that they checked with their District Manager before hiring new store employees, but none could recall a single instance where their recommendation was not followed. (See Dep. of L. J. Martin, attached as Ex. I to Def.'s Resp., at 21-22; Dep. of A. Madison-Coleman, attached as Ex. K to Def.'s Resp., at 22; Dep. of M. Branch, attached as Ex. L to Def.'s Resp., at 14-15; Dep. of S. Gibbs, attached as Ex. M to Def.'s Resp., at 27; cf. Dep. of L. R. Wilson, attached as Ex. J to Def.'s Resp., at 15 (testifying that her District Manager vetoed one of her hiring recommendations).) These sorts of differences may prove important later in the case, but they are not a substantial obstacle to conditional certification. See, e.g., Smallwood v. Illinois Bell Telephone Co., 710 F.Supp.2d 746, 752 (N.D. Ill. 2010) ("In focusing almost exclusively on alleged discrepancies in the day-to-day activities of the potential class members, Defendant does not seriously challenge that Plaintiffs have made a 'modest showing' of an unlawful common policy or plan."). The evidence indicates that Store Managers at the defendant's various stores perform similar duties, and that the defendant categorized them as exempt from the FLSA's overtime requirements. This is sufficient

- 7 -

to warrant sending notice to Store Managers under the "modest" standard that governs this stage of the case.

The evidence concerning Assistant Managers is comparatively sparse. We noted before that the defendant's declarants are all Store Managers, and four of the five cited deponents are Store Managers (only Sharon Gibbs worked as an Assistant Manager). This evidence, standing alone, is insufficient to warrant conditional certification concerning Assistant Managers. However, the plaintiffs supplemented the record by attaching to their reply memorandum completed questionnaires from numerous New Ashley Stewart employees, including many Assistant Managers. (See Pls.' Reply at Exs. B-1 - B-3.) The questionnaires indicate that Assistant Managers at the defendant's various stores perform many common tasks. It appears that the plaintiffs could have submitted this evidence with their opening brief — the questionnaires designate a return date of August 2012 — and their decision not to do so is curious. See Broaddus v. Shields, 665 F.3d 846, 860 (7th Cir. 2013) ("[I]t is well established that arguments raised for the first time in a reply brief are waived."). But rather than deny the motion, we will give the defendant the opportunity to file a supplemental brief addressing the plaintiff's evidence as to the Assistant Managers. See, e.g., Salmans v. Byron Udell & Associates, Inc., No. 12 C 3452, 2013 WL 707992, *1 n.1 (N.D. Ill. Feb. 26, 2013) (adopting a similar approach to avoid the

- 8 -

inefficiency of briefing conditional certification anew). We will then take the matter under advisement.[4]

### CONCLUSION

The plaintiffs' motion to facilitate notice [69] is granted in part and taken under advisement in part. The court authorizes collective-action notice to be sent to Store Managers in a form to be determined at a later date. By May 15, 2013, the defendant may file a sur-response to the plaintiffs' motion as it pertains to Assistant Managers. The court will set a status hearing after ruling on whether Assistant Managers should receive notice.

DATE: May 2, 2013

ENTER: _____
John F. Grady, United States District Judge

---

[4]/ The defendant has raised several arguments about what form the notice should take. (See Def.'s Resp. at 14-15.) The plaintiffs, rather than responding to these arguments, have requested an opportunity to confer with the defendant about the form of the notice. (See Pls.' Reply at 12-13.) We will address this issue at the appropriate time if the parties are unable to work out their differences.